# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEY WEGMANN, | ) |
|       Plaintiff, | ) |
| v. | ) CAUSE NO. 07-CV-202-WDS |
| VEENA K. GUPTA, M.D., et al., | ) |
|       Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendants' motion to dismiss (Doc. 16), to which plaintiff filed a response (Doc. 22). Defendants seek to dismiss plaintiff's complaint (Doc. 2) pursuant to Fed R. Civ P. 12 (b)(6) for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff filed a three-Count complaint in this Court seeking to recover damages under various provisions of the Employee Retirement Income Security Act of 1974 (ERISA) against his former employer, Care First Medical Center, Inc. (Care First) and against Veena K. Gupta, M.D. in her capacity as administrator of Care First's employee profit-sharing plan (Plan). Dr. Gupta owns Care First.

Care First began the Plan in January of 2002. Wegmann contends that, although Dr. Gupta funded the Plan at five percent (5%) of his gross income 2002 and at an additional twelve percent (12%) in 2003, his Plan was not funded in 2004 and 2005.

In March of 2005, plaintiff notified Dr. Gupta that he would be ending his employment with Care First. Dr. Gupta asserts that, some time thereafter, plaintiff received a distribution (neither party has yet specified an amount) from the Plan. At some point between March and November of 2005, Care First decided to terminate the Plan.

In January of 2006, plaintiff retained counsel and between April 3, 2006, and September 14, 2006, plaintiff's counsel sent five requests to Dr. Gupta for information and an accounting of benefits with respect to his fund in the Plan. Dr. Gupta refused to provide plaintiff the documents he sought unless he was willing to pay $800 for the copies. Plaintiff subsequently filed this complaint (Doc. 2) against Care First and Dr. Gupta in her capacity as administrator of the Plan.

## II. MOTION TO DISMISS

Defendants move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the Court must take all well pleaded factual allegations as true and construe them in the light most favorable to the petitioner. *See Conley v. Gibson,* 355 U.S. 41, 45–46 (1957); *Hernandez v. City of Goshen, Ind.,* 324 F.3d 535, 537 (7th Cir. 2003). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1969 (2007).

### A.    Count I

Count I alleges that Dr. Gupta violated both 29 U.S.C. § 1024(b)(4) and § 1025(a) when she refused to provide plaintiff with "a copy of the employee pension benefit plan, and all amendments thereto, as well as an accounting of his vested and unvested benefits thereunder." For that alleged violation, plaintiff seeks injunctive relief to provide him with the requested information under 29 U.S.C. § 1132(a)(3)(B). Plaintiff also alleges that § 1132(c)(1) entitles him to statutory damages of $100 dollars per day that he has not received the information, beginning thirty-one (31) days after he made his initial request for the Plan documents, as well as costs and reasonable attorney fees incurred in bringing the action.

2

Defendants first argue that the Court should dismiss Count I of plaintiff's complaint because § 1024(b) does not require defendants to respond to requests for information regarding accrued benefits. While defendants correctly assert that § 1024(b) does not apply, defendants overlook that § 1025(a) governs such requests. *Balzanto v. Nicholas Cuda, Ltd. Profit Sharing Plan*, 2002 U.S. Dist. LEXIS 721, *9-10 (N.D. Ill. 2002) ("[T]hese particular requests constitute requests for a statement of his accrued benefits and thus fall under section 10[2]5(a) and not section 10[2]4(b)(4)."); *Lumenite Control Tech., Inc. v. Jarvis*, 252 F. Supp.2d 700, 710 (N.D. Ill. 2003). Because Count I of plaintiff's complaint alleges that Dr. Gupta violated § 10[2]5(a), Count I survives defendants' motion to dismiss. Defendants have not argued why this Court should dismiss plaintiffs' request for statutory damages under § 1132(c)(1). Accordingly, defendants' motion to dismiss Count I is **DENIED**.[1]

## B. Count II

Count II alleges that Dr. Gupta violated 29 U.S.C. § 1082 and § 1145 by failing to fund plaintiff's plan account. Plaintiff seeks monetary damages equal to the amount of the allegedly delinquent contributions, plus interest, pursuant to § 1132(a)(1)(B), as well as costs and attorney's fees pursuant to § 1132(g)(1).

Defendants urge the Court to dismiss Count II of plaintiff's complaint on three grounds. First, defendants argue that the minimum funding requirements of § 1082 do not apply to individual account plans pursuant to § 1081(a)(8). The Court notes that the plan at issue falls

---

[1] In the alternative, defendants urge this Court to dismiss Count I because plaintiff did not request documents until after a decision to terminate defendants' Plan had been made. Without citing any authority, defendants argue that plaintiff did not offer any authority to show that the Plan administrators owed the Plan beneficiaries a duty to satisfy document requests even after the Plan was terminated. The Court notes that defendants' conclusory, unsupported assertion that their reporting duty ended upon termination of the Plan is unavailing on a motion to dismiss. Plaintiff's assertion that defendants failed to satisfy his document request, even if that failure occurred only after the Plan was terminated, states "a plausible claim for relief on its face" under § 1025(a) and, therefore, survives defendants' motion to dismiss. *Twombly*, 127 S.Ct. at 1969.

within the definition of an "individual account plan" under the statute. 29 U.S.C. § 1002(34).[2]

Upon review of the record, the Court **FINDS** that the Plan is an individual account plan and, therefore, is exempt from the minimum funding requirements of § 1082. Accordingly, plaintiff is not entitled to relief on his claim that defendants violated the minimum funding requirements of § 1082.

Second, defendants argue that the delinquent contribution requirements of § 1145[3] do not apply to the Plan because it is not a multi-employer plan. The Court notes that the delinquent contribution requirements of § 1145 applies only to multi-employer plans. Upon review of the record, the Court **FINDS** that the Plan is an individual account plan and, therefore, § 1145 requirements do not apply. Accordingly, plaintiff is not entitled to relief on his claim that defendants violated the delinquent contribution requirements of § 1145.

Because neither § 1082 nor § 1145 of ERISA apply to the Plan, plaintiff's claims that defendants allegedly violated those provisions of ERISA are subject to dismissal.[4] Therefore, the Court GRANTS defendants' motion and Count II of plaintiff's complaint is **DISMISSED**.

## II.  Count III

---

[2] "The term 'individual account plan' or 'defined contribution plan' means a pension plan which provided for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts of other participants which may be allocated to such participant's account." 29 U.S.C. § 1002(34).

[3] "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

[4] Even assuming, *arguendo*, that defendants violated § 1082 and § 1145, plaintiff is not entitled to seek monetary relief under § 1132(a)(1)(B) for those violations. Defendants contend that plaintiff cannot recovery monetary relief because the allegedly delinquent contributions were actually discretionary, but not mandatory, so that any alleged failure to fund did not violate ERISA. The Court notes, however, that Count II of plaintiff's complaint is subject to dismissal on more fundamental grounds. The Seventh Circuit has held that claims arising under § 1132(a)(1)(B) of ERISA entitle plaintiffs to equitable, but not legal, relief. *Wardel v. Cent. States, Se. and Sw. Areas Pension Fund*, 627 F.2d 820, 828 (7th Cir. 1980). Therefore, plaintiff is not entitled to the legal relief he seeks in Count II (i.e., monetary damages equal to the amount of the allegedly delinquent contributions).

The Court construes Count III to allege that Dr. Gupta violated her fiduciary duties under 29 U.S.C. § 1104(a) and § 1109(a) by failing to provide him notice that: (1) she did not fund the plan in 2004 and 2005; (2) she was denying his claim for benefits in 2004 and 2005; (3) he was entitled to a full and fair review of her decision denying his claim for benefits under § 1133.[5] For these alleged violations, plaintiff seeks damages under § 1132(a)(2) equal to the actual amount of the alleged delinquent contributions, plus interest on those contributions under § 1132(g)(1).

The Court notes that, in contrast to Counts I and II, Count III seeks damages under § 1132(a)(2) for breach of fiduciary duty. Section 1132(a)(2) provides that an action may be brought "by a participant . . . for appropriate relief under section 1109 of this title." 29 U.S.C. §1132(a)(2). Section 1109(a) states that a breaching fiduciary "shall be personally liable to make good to [the] plan any losses to the plan resulting from. . . such breach. . . ." 29 U.S.C. § 1109(a). Therefore, only the plan itself, and not an individual participant, can recover under § 1132(a)(2). *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985); *Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986, 992 (7th Cir. 1993) ("any recovery for a violation of section [1109] goes to the plan and not a beneficiary."). Defendants seek to dismiss Count III on these grounds. Because plaintiff seeks to recover monetary damages for himself and not for the Plan, the claim for relief under § 1132(a)(2) for breach of fiduciary duties in Count III must be dismissed. Therefore, the Court **GRANTS** defendants' motion and **DISMISSES** Count III.

---

[5] Count III again alleges that defendants violated § 1082 and § 1145, this time by failing to notify, rather than by failing to fund. As the Court previously discussed, these allegations do not state a claim upon which relief can be granted because those provisions of ERISA do not apply to the Plan. Accordingly, the Court will only consider those portions of Count III alleging violations of applicable provisions of ERISA.

### III.  CONCLUSION

Upon review of the record, the Court **GRANTS** in part and **DENIES** in part defendants' motion to dismiss (Doc. 16).  The Court **DENIES** defendants' motion with respect to Count I of plaintiff's complaint.  The Court **GRANTS** defendants' motion with respect to Counts II and III and those counts are **DISMISSED**.  The Court **GRANTS** plaintiff leave to file an amended complaint that complies with this Court's Order within thirty (30) days.

**IT IS SO ORDERED.**

**DATED:   March 10, 2008.**

                                                                    s/ WILLIAM D. STIEHL
                                                                       DISTRICT JUDGE